1  **LAW OFFICES OF RONALD A. MARRON**
   RONALD A. MARRON (SBN 175650)
2  ron@consumeradvocates.com
   MICHAEL T. HOUCHIN (SBN 305541)
3  mike@consumeradvocates.com
   651 Arroyo Drive
4  San Diego, CA  92103
   Tel: (619) 696-9006
5  Fax: (619) 564-6665
   *Attorneys for Plaintiffs and the*
6  *Proposed Class*

7

8                    **UNITED STATES DISTRICT COURT**

9            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  JESSICA AUGUSTINE and TERRI          Case No: 3:18-cv-02576-CAB-BGS
    GARFINKEL, individually and on behalf
12  of all others similarly situated,        **CLASS ACTION**

13                Plaintiffs,
                                             **FIRST AMENDED CLASS ACTION**
14            v.                             **COMPLAINT**

15  TALKING RAIN BEVERAGE
    COMPANY, INC., a Washington             **DEMAND FOR JURY TRIAL**
16  corporation;

17                Defendant.

18

19

20

21

22

23

24

25

26

27

28

---

Plaintiffs Jessica Augustine and Terri Garfinkel ("Plaintiffs"), hereby bring this Action against Defendant Talking Rain Beverage Company, Inc. ("Defendant"), alleging that certain products manufactured, packaged, labeled, advertised, distributed and sold by Defendant are misbranded and falsely advertised and otherwise violate consumer protection laws, and upon information and belief and investigation of counsel allege as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The Defendant is a citizen of a state different from that of the Plaintiff, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interest and costs.

2.    This Court has both general and specific personal jurisdiction over the Defendant because Defendant has conducted and continues to conduct substantial business in the State of California and County of San Diego. Talking Rain Beverage Company is registered with the California Secretary of State under entity number C2157728.

3.    This Court has specific personal jurisdiction arising from Defendant's decision to advertise and sell the Products in California. Defendant has sufficient minimum contacts with this State and sufficiently avails itself to the markets of this State through its manufacture, promotion, sales, and marketing of the Products to consumers within the State to render the exercise of jurisdiction by this Court reasonable.

4.    Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, Defendant has marketed and sold the Sparkling Ice Products at issue in this action in this judicial district, and it conducts business within this judicial district.

FIRST AMENDED CLASS ACTION COMPLAINT

## II.     NATURE OF THE ACTION

5.     This is a consumer class action for violations of warranty, negligent and intentional misrepresentations/omissions and consumer protection laws, with a nationwide and California class for violations of consumer protection laws.

6.     Defendant manufactures, distributes, advertises, markets and sells a variety of purportedly naturally-flavored products known as Sparkling Ice beverage products, including, without limitation, the Sparkling Ice Peach Nectarine, Sparkling Ice Black Raspberry, Sparkling Ice Grape Raspberry, Sparkling Ice Pomegranate Blueberry, Sparkling Ice Ginger Lime, Sparkling Ice Black Cherry, Sparkling Ice Strawberry Watermelon, and Sparkling Ice Coconut Pineapple (collectively, the "Products").

7.     The labeling of the Products is false and misleading and the Products thus are misbranded under California consumer protection laws.  Specifically, the Products are labeled as if they are flavored only with natural ingredients when they in fact contain an undisclosed artificial flavor, d-l-malic acid, in violation of state and federal law.

8.     Defendant's packaging, labeling, and advertising scheme is intended to give reasonable consumers the impression that they are buying premium, all-natural products with natural flavoring ingredients, instead of an artificially flavored product.

9.     Plaintiffs, who were deceived by Defendant's unlawful conduct and purchased the Products in California, bring this action on their own behalf and on behalf of a nationwide and California Class of consumers to remedy Defendant's unlawful actions.

10.     On behalf of the putative Class, Plaintiffs seek an Order compelling Defendant to, among other things: (1) cease packaging, distributing, advertising and selling the Sparkling Ice beverage products in violation of U.S. FDA regulations and California consumer protection laws and state common laws; (2) re-label or recall all existing deceptively packaged Sparkling Ice beverage products; (3) conduct a corrective advertising campaign to inform consumers fully; (4) award Plaintiffs and other Class members restitution, actual damages, and punitive damages; and (5) pay all costs of suit,

FIRST AMENDED CLASS ACTION COMPLAINT

expenses, and attorneys' fees.

### III.    PARTIES

11.    Plaintiff Jessica Augustine ("Plaintiff Augustine") is a citizen of the State of California and resides in San Diego, California.

12.    Plaintiff Augustine purchased the Sparkling Ice products for personal consumption since 2017 in the State of California.

13.    Plaintiff Terri Garfinkel ("Plaintiff Garfinkel") is a citizen of the State of California and resides in Los Angeles, California.

14.    Plaintiff Garfinkel purchased the Sparkling Ice products for personal consumption since 2016 in the State of California.

15.    Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant Talking Rain is a Washington corporation with its principal place of business located in Preston, Washington. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant, at all times relevant, conducted business in the State of California and in the County of San Diego.

### IV.    <u>FACTUAL BACKGROUND</u>

**A. Defendant Does Not Disclose That The Products Are Artificially Flavored.**

16.    Defendant's labeling and advertising scheme is deliberately intended to give consumers the false impression that the Products are composed only of natural flavors and contain no artificial colors or flavors.

17.    For example, the Sparkling Ice Peach Nectarine Product's front-label center panel identifies it as "Sparkling Ice Peach Nectarine Naturally Flavored Sparkling Water with Antioxidants and Vitamins." There is an image of a peach and nectarine slices inside of an ice cube at the top of the front-of-package label.

18.    A true and correct copy of the Sparkling Ice Peach Nectarine Product's front label is provided below:

FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIRST AMENDED CLASS ACTION COMPLAINT

19.    A true and correct copy of the Product's ingredient list is provided below:



20.    As depicted, the Peach Nectarine Product's front label prominently displays a "naturally flavored" designation.

21.    But, the Peach Nectarine Product's back label states that the ingredients include: "Carbonated water, **malic acid**, peach juice concentrate, natural flavors…"

22.    The ingredient identified on the Product label as "malic acid" is an artificial flavor.

23.    The Product's label omits the legally-required "artificially flavored" disclosure.

24.    Defendant painstakingly and intentionally designed this Product label and its other Product labels to deceive consumers into believing that the Products contain no artificial ingredients or artificial flavoring agents.

25.    Under these circumstances, the labels of the Sparkling Ice Products violate California and federal statutes and state common law in multiple respects.

26.    First, because each of the Products contain additional flavoring ingredients that simulate and reinforce the characterizing flavor, the front label is required by law to

disclose those additional flavors rather than misleadingly suggest that the product is naturally flavored.  (California Health & Safety Code § 109875 *et seq.,* (Sherman Law), incorporating 21 C.F.R. § 101.22.)[1]

27.    Second, the Products' ingredient lists violate federal and state law because they identify, misleadingly, the d-l-malic acid flavoring only as the general "malic acid" instead of using the specific, non-generic name of the ingredient.  (*See* 21 C.F.R. § 101.4(a)(1).)

28.    Even more deceptive, however, is the fact that the Products, rather than being flavored only with natural flavors as the labels suggest, contain d-l-malic acid – an undisclosed artificial flavor made from petrochemicals.  Defendant conceals this from consumers.

29.    All of the Products' ingredient lists identify "malic acid."

30.    There is a compound found in nature that is sometimes referred to informally as malic acid.

31.    The natural form of malic acid is correctly and specifically identified as "l-malic acid." L-malic acid occurs naturally in various types of fruits and vegetables.

32.    That, however, is not the compound that Defendant puts in the Product. Instead, Defendant flavors the Products with a synthetic industrial chemical called d-1 malic acid,[2] in the form of a racemic mixture of d- and 1-isomers. This type of "malic acid" is not naturally-occurring but is in fact manufactured in petrochemical plants from benzene or butane – components of gasoline and lighter fluid, respectively – through a series of chemical reactions, some of which involve highly toxic chemical precursors and

---

[1] California's Sherman Food, Drug and Cosmetic Act, California Health & Safety Code § 109875 *et seq.,* incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act.  An act or omission that would violate an FDCA regulation necessarily violates California's Sherman Law.  (Health & Safety Code, § 110100.)  Regulatory citations in the text are to California's Sherman Law and reference the corresponding federal regulation for convenience.

[2] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.

FIRST AMENDED CLASS ACTION COMPLAINT

byproducts.

33.    Testing of the Sparkling Ice Peach Nectarine Sparkling Water product that was conducted on October 17, 2018 confirms the presence of artificial d-l malic acid.

34.    Testing of the Sparkling Ice Grape Raspberry Sparkling Water product that was conducted on October 17, 2018 confirms the presence of artificial d-l malic acid.

35.    Testing of the Sparkling Ice Black Raspberry Sparkling Water product that was conducted on October 17, 2018 confirms the presence of artificial d-l malic acid.

36.    The "d-l-malic acid" used by Defendant is an inexpensive synthetic chemical used in processed food products to make the taste like tangy fresh fruits – like blueberries, lemons, mangos, or cherries, and in the Products Plaintiffs purchased, like the "peach" and "nectarine" flavors advertised.

27.    Both the natural and unnatural forms of malic acid are considered "GRAS" (generally recognized as safe) for use as flavorings in foods marketed to adults[3]; the d-malic acid form, however, has never been extensively studied for its health effects in human beings.  Both forms confer a "tart, fruity" flavor to food products.[4]

26.    Although the malic acid that is placed in the Products to simulate their characterizing fruit flavors is d-l-malic acid – the artificial petrochemical – Defendant pretends otherwise, conflating the natural and artificial flavorings and deceiving consumers.

37.    Because they contain an artificial flavor, both federal and state law require the Products to display both front- and back-label disclosures to inform consumer that they are artificially flavored.  (21 C.F.R. § 101.22.)

38.    These Products have neither front-label nor back-label disclosures. Defendant intentionally designed these Product labels without the required disclosure of "Artificial Flavoring" on the front or back of the label for the purpose of deceiving

---

[3] The d-l form of malic acid, the one used by Defendant, is forbidden for use in baby foods out of health concerns if consumed by infants.

[4] https://thechemco.com/chemical/malic-acid/ (last visited April 30, 2018).

FIRST AMENDED CLASS ACTION COMPLAINT

consumers into believing that they contain no artificial ingredients, artificial flavoring agents or artificial chemicals. It is currently unknown whether the Products are also contaminated with precursor chemicals used in the manufacture of d-1 malic acid.

39.   California law, incorporating and identically mirroring U.S. Food, Drug and Cosmetic Act regulations by reference, requires that a food's label accurately describe the nature of the food product and its characterizing flavors.  (21 C.F.R. § 102.5(a).)

40.   Under FDA regulations, a recognizable primary flavor identified on the front label of a food product is referred to as a "characterizing flavor."  (21 C.F.R. § 101.22.)

41.   FDA regulations and California law establish that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavors by word, vignette, e.g., description of a fruit, or other means" then "such flavor shall be considered the characterizing flavor." (California's Sherman Law, incorporating 21 C.F.R. § 101.22(i).)

42.   "Peach Nectarine," "Pomegranate Blueberry," and "Grape Raspberry" are primary recognizable flavors identified on the Sparkling Ice beverage Products' front labels.  These are characterizing flavors under California and federal regulations.

43.   If a product's characterizing flavor is not created exclusively by the characterizing flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either or both of natural or artificial flavorings. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the food must be prominently labeled as "Artificially Flavored." (California's Sherman Law, incorporating 21 C.F.R. § 101.22(i)(3), (4).)

44.   A food product's label also must include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) … when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance … and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." (California's Sherman Law,

incorporating 21 C.F.R. § 102.5(c).) Such statements must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. (*Id.*)

45.    The synthetic d-l malic acid in the Products simulates, resembles, and reinforces the characterizing fruit flavors for the Products.

46.    For example, the Peach Nectarine Product does, in fact, contain peach juice concentrate, but this ingredient's presence – after the malic acid in the descending-order ingredient list – shows that the minimal amount of juice concentrate in the Product's flavoring is dominated by malic acid, and is of insufficient quantity to flavor the Product. Defendant uses d-l-malic acid, a synthetic flavoring material, to create, simulate, or reinforce the characterizing "peach" flavor of the Product.

47.    Further, the Peach Nectarine Product does not contain nectarines or nectarine juices. Instead, Defendant uses d-l-malic acid, a synthetic flavoring material, to create, simulate, or reinforce the characterizing "nectarine" flavor of the Product.

48.    Under these regulations, Defendant was required to place prominently on the Products' front labels a notice sufficient to allow reasonable consumers to understand that the Products contained artificial flavorings.

49.    Defendant failed to do so, deceiving consumers and violating California law, federal law, and corresponding state common laws.

50.    Accordingly, Plaintiffs and the Class were unaware that the Products contained artificial flavors when they purchased them.

51.    When purchasing the Products, Plaintiffs and Class Members were seeking products of particular qualities that were flavored only with the natural ingredients claimed on the label and which did not contain artificial flavoring.

52.    Plaintiffs are not alone in these purchasing preferences. As reported in Forbes Magazine, 88% of consumers polled recently indicated they would pay more for foods perceived as natural or healthy. "All demographics [of consumers] – from Generation Z to Baby Boomers – say they would pay more" for such products,

FIRST AMENDED CLASS ACTION COMPLAINT

specifically including foods with no artificial flavors.[5]  Forty-one percent (41%) of consumers rated the absence of artificial flavors in food products as "Very Important," and eighty percent (80%) of North American consumers are willing to pay a premium for foods with no artificial ingredients.[6]

53.    John Compton, the CEO of a beverage manufacturer, spoke to investors at the Morgan Stanley Consumer & Retail Conference, stating: "We have talked extensively to consumers about this idea, and they come back and tell us the number one motivation for purchase is products that claim to be natural."

54.    Defendant's labeling and advertising reflect these consumer preferences – not by making the Products solely with natural ingredients, but instead by concealing the fact that the Products are artificially flavored.

55.    Table 1, below, lists the Products included in this Action.

**Table 1:**

| | |
|---|---|
| Sparkling Ice Pomegranate Blueberry | Sparkling Ice Grape Raspberry |
| Sparkling Ice Peach Nectarine | Sparkling Ice Black Raspberry |
| Sparkling Ice Ginger Lime | Sparkling Ice Coconut Pineapple |
| Sparkling Ice Black Cherry | Sparkling Ice Strawberry Watermelon |

56.    California's Health & Safety Code states that "[a]ny food is misbranded it is bears or contains any artificial flavoring, artificial coloring, or chemical preservative,

---

[5] *Consumers Want Healthy Foods - And Will Pay More For Them*"; Forbes Magazine, February 15, 2015. https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; (last visited March 22, 2018).

[6] The Nielsen Company, Global Health and Wellness Survey, "Healthy Eating Habits Around the World," 2015; https://www.nielsen.com/content/dam/nielsenglobal/eu/nielseninsights/pdfs/Nielsen%20Global%20Health%20and%20Wellness%20Report%20-%20January%202015.pdf; (last visited March 22, 2018).

unless its labelling states that fact." (California Health & Safety Code, § 110740.)

57.   California law requires Defendant to include sufficient notice on the Products' labels to alert California consumers that the Products are artificially flavored. Defendant failed to do so. Accordingly, Defendant's Products were misbranded and illegal to distribute or sell in California. (California Health & Safety Code, §§ 110740, 110760, 110765.)

58.   Because the Products violated California law, they were misbranded when offered for sale in California.

59.   Defendant was aware that consumers like Plaintiffs and the Class prefer natural products to those that are artificially flavored.

60.   Defendant deceived Plaintiffs and the Class into purchasing the Products by unlawfully concealing that they were artificially flavored.

61.   Plaintiffs and the Class lost money as a result of Defendant's conduct because they would not have purchased the Products or would not have paid as much as they had in the absence of Defendant's misrepresentations and omissions.

**B.   Plaintiffs' Purchases Of The Sparkling Ice Products**

62.   Plaintiff Jessica Augustine purchased the Sparkling Ice Products several times since 2017 in San Diego, California during the Class Period defined herein. More specifically, Plaintiff Augustine purchased the Pomegranate Blueberry, Grape Raspberry, and Black Cherry Sparkling Ice Products.

63.   Plaintiff Augustine's most recent purchase was in 2018 at the Ralph's located on 1020 University Avenue, San Diego, CA, 92103.

64.   Plaintiff Terri Garfinkel purchased the Sparkling Ice Products from Ralphs and Target several times since 2016 in Los Angeles, California during the Class Period defined herein. More specifically, Plaintiff Garfinkel purchased the Peach Nectarine and Black Cherry Sparkling Ice products.

65.   Plaintiff Garfinkel's most recent purchase was in 2018 at the Ralph's located on 1233 N La Brea Ave, West Hollywood, CA, 90038.

FIRST AMENDED CLASS ACTION COMPLAINT

66.    Plaintiffs subsequently discovered Defendant's unlawful acts as described herein, when they learned that the Sparkling Ice Products' characterizing flavors were deceptively created or reinforced using artificial flavoring even though Defendant failed to disclose that fact on the Sparkling Ice labels.

67.    Plaintiffs were deceived by and justifiably relied upon the Products' deceptive labeling, and specifically the affirmative representation on the front label that the Products were "naturally flavored" coupled with the omission of the fact that they contained artificial flavorings. Plaintiffs purchased the Sparkling Ice Products believing they were naturally flavored, based on the Products' deceptive labeling and failure to disclose that they were artificially flavored.

68.    Plaintiffs, as a reasonable consumers, are not required to subject consumer food products to laboratory analysis, to scrutinize the back of the labels to discover that the products' front labels are false and misleading, or to search the labels for information that federal regulations require be displayed prominently on the front – and, in fact, under state law are entitled to rely on statements that Defendant deliberately places on the Sparkling Ice Products' labeling. Defendant, but not Plaintiffs, knew or should have known that this labeling was in violation of federal regulations and state law.

69.    Because Plaintiffs reasonably assumed that the Sparkling Ice Products would be free of artificial flavoring, based on the Products' labels, when they were not, they did not receive the benefit of their purchase. Instead of receiving the benefit of products free of artificial flavoring, Plaintiffs received Products that were unlawfully labeled to deceive consumers into believing that they were naturally flavored and contained no artificial flavoring, in violation of federal and state labeling regulations.

70.    Plaintiffs would not have purchased the Products in the absence of Defendant's misrepresentations and omissions.  Had Defendant not violated California law, Plaintiffs would not have been injured.

71.    The Sparkling Ice Products were worth less than what Plaintiffs paid for and Class members would not have paid as much as they had for the Products absent

Defendant's false and misleading statements and omissions.

72.     Plaintiffs and the Class therefore lost money as a result of Defendant's unlawful behavior. Plaintiffs and the Class altered their position to their detriment and suffered a loss in an amount equal to the amounts they paid for the Products.

73.     Plaintiffs intend to, seek to, and will purchase the Sparkling Ice Products again when they can do so with the assurance that the Products' labels, which indicate that the Products are naturally flavored, are lawful and consistent with the Products' ingredients.

## V.     CLASS ACTION ALLEGATIONS

74.     Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Class") pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

75.     The nationwide Class is defined as follows:

> All U.S. citizens who purchased the Products in their respective state of citizenship on or after January 1, 2012 and until the Class is certified, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

76.     The California Class is defined as follows:

> All California citizens who made retail purchases of the Products in California on or after January 1, 2012 and until the Class is certified, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

77.     During the Class Period, the Products unlawfully contained the undisclosed artificial flavors d-malic acid or d-l malic acid and were otherwise improperly labeled. Defendant failed to label the Products as required by California law.

78.     During the Class Period, Class members purchased the misbranded

Products, paying a price premium for those Products compared to similar products lawfully labeled.

79. The proposed Class meets all criteria for a class action, including numerosity, commonality, typicality, predominance, superiority, and adequacy of representation.

80. This action has been brought and may properly be maintained as a class action against Defendant. While the exact number and identities of other Class Members are unknown to Plaintiffs at this time, Plaintiffs are informed and believe that there are hundreds of thousands of Members in the Class. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

81. The proposed Class satisfies typicality. Plaintiffs' claims are typical of and are not antagonistic to the claims of other Class members. Plaintiffs and the Class members all purchased the Products, were deceived by the false and deceptive labeling, and lost money as a result of purchasing Products that were illegal to sell.

82. The proposed Class satisfies superiority. A class action is superior to any other means for adjudication of the Class members' claims because each Class member's claim is modest, based on the Products' retail purchase prices which are generally under $5.00 per unit. It would be impractical for individual Class members to bring individual lawsuits to vindicate their claims.

83. Because Defendant's misrepresentations were made on the labels of the Products, all Class members including Plaintiffs were exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate California law with impunity.

84. The proposed Class representatives satisfy adequacy of representation. Plaintiffs are adequate representatives of the Class as they seek relief for the Class, their interests do not conflict with the interests of the Class members, and they have no

interests antagonistic to those of other Class members. Plaintiffs have retained counsel competent in the prosecution of consumer fraud and class action litigation.

85.    There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

86.    Questions of law and fact common to Plaintiffs and the Class include:

    i.   Whether Defendant failed to disclose the presence of the artificial flavoring ingredient d-l malic acid in the Products;

    ii.   Whether Defendant's labeling omissions and representations constituted false advertising under California law;

    iii.   Whether Defendant's conduct constituted a violation of California's Unfair Competition Law;

    iv.   Whether Defendant's conduct constituted a violation of California's Consumer Legal Remedies Act;

    v.   Whether Defendant's label statements solely claiming natural flavorings was an affirmative representation of the Products' composition and conveyed an express warranty;

    vi.   Whether Defendant's conduct constitutes a breach of implied warranties under California's Commercial Code;

    vii.   Whether the statute of limitations should be tolled on behalf of the Class;

    viii.   Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

    ix.   Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

87.    Plaintiffs will fairly and adequately protect the interests of the Class, have no interests that are incompatible with the interests of the Class, and have retained

counsel competent and experienced in class litigation.

88.    Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

89.    Class treatment is therefore appropriate under California law.

90.    Class damages will be adduced at trial through expert testimony and other competent evidence.

91.    California law holds that the price-premium consumers paid for the falsely-advertised Products, as a percentage of the Products' retail prices, is a proper measure of Class damages.

92.    Food-industry consumer research is consistent and readily supports such estimates of that price-premium, as consumers quantitatively report that they seek out, value, and are willing to pay a premium for food products with no artificial flavors.

93.    On information and belief, based on publicly-available information, Plaintiffs allege that the total amount in controversy exclusive of fees, costs, and interest, based on the estimated price premium and Product revenues for sales to the Class in California during the proposed Class Period, exceeds $5 million.

## VI.    CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### FRAUD BY OMISSION,
### Cal. Civ. Code §§ 1709-1710
### and the common law of all states
(on behalf of the Nationwide Class and the California Class)

94.    Plaintiffs re-allege and incorporate by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

95.    Plaintiffs bring this claim for fraud by omission pursuant to California Civil Code §§ 1709-1710, *et seq.* and the common law of all states. The elements of fraud are substantially similar from state to state, thus making nationwide class certification appropriate.

96.    Defendant actively concealed material facts, in whole or in part, with the intent to induce Plaintiffs and members of the Class to purchase the Products. Specifically, Defendant actively concealed the truth about the Products by not disclosing the existence of artificial flavoring ingredients on the front label of the Products as is required by California and federal law.

97.    Plaintiffs and the Class were unaware of these omitted material facts and would not have purchased the Products, or would have paid less for the Products, if they had known of the concealed facts.

98.    Plaintiffs and the Class suffered injuries that were proximately caused by Defendant's active concealments and omissions of material facts.

86.    Defendant's fraudulent concealments and omissions were a substantial factor in causing the harm suffered by Plaintiffs and the Class members as they would not have purchased the Products or would have paid less for the Products if all material facts were properly disclosed.

**SECOND CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION,**

**Cal. Civ. Code §§ 1709-1710**

**and the common law of all states**

**(on behalf of the Nationwide Class and the California Class)**

99.    Plaintiffs re-allege and incorporate by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

100.    Plaintiffs bring this claim for negligent misrepresentation pursuant to California Civil Code §§ 1709-1710, *et seq.* and the common law of all states. The elements of negligent misrepresentation are substantially similar from state to state, thus making nationwide class certification appropriate.

101.    Defendant had a duty to disclose to Plaintiffs and Class Members the existence of artificial flavoring ingredients on the front labels of the Products pursuant to California and federal law. Defendant was in a superior position than Plaintiffs and the Class Members such that reliance by Plaintiffs and the Class Members was justified.

Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

102.   During the applicable Class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the Products, including the existence of artificial flavoring ingredients.

103.   Defendant was careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiffs and the Class Members would not have realized the true existence of artificial flavoring ingredients in the Products.

104.   Plaintiffs and the Class members were unaware of the falsity of Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

93.   Plaintiffs and the Class Members would not have purchased the Products, or would have paid less for the Products, if the true facts had been known.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, *et seq.*

### (on behalf of the California Class)

105.   Plaintiffs re-allege and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

106.   The California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA") prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

107.   Plaintiffs and the Class are "consumers" as defined by Cal. Civ. Code § 1761(d). The Products are "goods" as defined by Cal. Civ. Code § 1761.

108.   Defendant's failure to label the Products in compliance with federal and state labeling regulations, was an unfair, deceptive, unlawful, and unconscionable commercial practice.

109.   Defendant's conduct violates the CLRA, including but not limited to, the

following provisions:

> § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

> § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

> § 1770(a)(9): advertising goods with intent not to sell them as advertised.

> § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

110. As a result of Defendant's violations, Plaintiffs and the Class suffered ascertainable losses in the form of the price premiums they paid for the deceptively labeled and marketed Products, which they would not have paid had these Products been labeled truthfully, and in the form of the reduced value of the Products purchased compared to the Products as labeled and advertised.

111. On or about November 1, 2018, prior to filing this action, Plaintiffs sent a CLRA notice letter to Defendant which complies with California Civil Code § 1782(a). Plaintiffs sent Defendant, individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. A copy of Plaintiffs' September 25, 2018 CLRA letter is attached hereto as **Exhibit 1**.

112. More than thirty days have passed since Plaintiffs sent Defendant their CLRA letter and Defendant has failed to take the corrective action described in Plaintiffs' letter. Wherefore, Plaintiffs seek damages, restitution, injunctive relief, and attorneys' fees and costs for Defendant's violations of the CLRA.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, (UNLAWFUL PRONG)

### CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

### (on behalf of the California Class)

113.   Plaintiffs re-allege and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

114.   Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice.  Section 17200 specifically prohibits any "unlawful . . . business act or practice."

115.   The UCL borrows violations of other laws and statutes and considers those violations also to constitute violations of California law.

116.   Defendant's practices as described herein were at all times during the Class Period and continue to be unlawful under, *inter alia*, FDA regulations and California's Sherman Law.

117.   Among other violations, Defendant's conduct in unlawfully packaging and labeling and distributing the Products in commerce in California violated U.S. FDA and California packaging and labeling regulations.

118.   The Products' front labels fail to disclose that they contain synthetic artificial flavoring and are not flavored with and do not contain any or all of the natural fruits named on the labels, in violation of 21 C.F.R. § 101.22 and California's Sherman Law.

119.   The "Sparkling Ice Peach Nectarine" Product, for example, contains the synthetic d-l-malic acid flavoring ingredient.

120.   The d-l-malic acid is a synthetic flavoring material which creates, simulates, or reinforces the characterizing "Peach Nectarine" flavor of the Product.

121.   The d-l-malic acid in the Sparkling Ice Products is not derived from any natural material as defined in the applicable state regulations and is therefore, by law, an artificial flavoring.

122.   Defendant fails to inform consumers of the presence of artificial flavors in the Products on the front label as required by law.

123.   Defendant's packaging, labeling, advertising, and marketing is intentionally designed to give consumers the impression that they are buying an all-natural product

instead of a product that contains artificial flavors, and is therefore likely to deceive reasonable consumers.

124. Defendant's conduct further violates other applicable California and federal regulations as alleged herein.

125. Defendant's practices are therefore unlawful under Section 17200 *et seq*. of the California Civil Code.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE UNFAIR COMPETITION LAW (UNFAIR PRONG), CAL. BUS. & PROF. CODE §§ 17200, *et seq*.

#### (on behalf of the California Class)

126. Plaintiffs re-allege and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

127. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unfair . . . business act or practice." Defendant's practices violate the Unfair Competition Law "unfair" prong as well.

128. Defendant's practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and injurious to California residents and the utility of the conduct to Defendant does not outweigh the gravity of the harm to consumers.

129. While Defendant's decision to label the Products deceptively and in violation of California law may have some utility to Defendant in that it allows Defendant to sell the Products to consumers who otherwise would not purchase an artificially-flavored product at the premium retail price, or at all, if it were labeled correctly, and to realize higher profit margins than if they formulated or labeled the Products lawfully, this utility is small and far outweighed by the gravity of the harm inflicted on California consumers.

130. Defendant's conduct with respect to the labeling, advertising, and sale of Defendant's Products is also unfair to consumers because it allows Defendant to sell the Products to consumers who otherwise would not purchase an artificially flavored

product. The consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one that consumers themselves could reasonably have avoided.

131.  Defendant's conduct also injures competing beverage product manufacturers, distributors, and sellers that do not engage in the same unfair and unethical behavior.

132.  Moreover, Defendant's practices violate public policy expressed by specific constitutional, statutory, or regulatory provisions, including the Sherman Law, the False Advertising Law, and the FDA regulations cited herein.

133.  Plaintiffs' purchases and all California Class Members' purchases of the Products all took place in California.

134.  Defendant labeled the Products in violation of federal regulations and California law requiring truth in labeling.

135.  Defendant consciously failed to disclose material facts to Plaintiffs and the Class in Defendant's advertising and marketing of the Products.

136.  Defendant's conduct is unconscionable because, among other reasons, it violates 21 C.F.R. § 101.22(c), which requires all foods containing artificial flavoring to include:

> A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

137.  Defendant's conduct is also "unconscionable" because it violates, *inter alia*, 21 C.F.R. § 101.22, which requires all food products for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the product's front label.

138.  Defendant intended that Plaintiffs and the Class rely on Defendant's acts and omissions to induce them to purchase the Products.

139.  Had Defendant disclosed all material information regarding the Products, Plaintiffs and the Class would not have purchased the Products or would only have been

willing to pay less for the Products than they did.

140.    Plaintiffs suffered an injury in fact and lost money or property as a result of Defendant's deceptive advertising: they were denied the benefit of the bargain when they purchased the Products based on Defendant's violation of the applicable laws and regulations, and purchased the Products in favor of competitors' products, which are less expensive, contain no artificial flavoring, or are lawfully labeled.

141.    The acts, omissions, and practices of Defendant detailed herein proximately caused Plaintiffs and other members of the Class to suffer an ascertainable loss in the form of, *inter alia*, the price premium of monies spent to purchase the Products they otherwise would not have, and they are entitled to recover such damages, together with appropriate penalties, including restitution, damages, attorneys' fees and costs of suit.

142.    Section 17200 also prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth above, Defendant engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code § 17200.

143.    Pursuant to California Business & Professions Code § 17203, Plaintiffs seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to return to the Class the amount of money improperly collected.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW,

### CAL. BUS. & PROF. CODE §§ 17500, *et seq.*

### (on behalf of the California Class)

144.    Plaintiffs re-allege and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

145.    Defendant made and distributed, in California and in interstate commerce, Products that unlawfully fail to disclose the presence of artificial flavoring as required by federal and state food labeling regulations.

146.    The Products' labeling and advertising in California presents the Products

- 24 -

as if they were solely naturally-flavored and contain the natural fruit(s) shown on the labels.

147.    Under California's False Advertising Law ("FAL"), Business and Professions Code § 17500 *et seq.*,

> "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property . . . to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device . . . any statement, concerning that real or personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . ." Cal. Bus. & Prof. Code § 17500.

148.    Defendant's labeling and advertising statements on the Products' labels and in advertising and marketing materials are "advertising device[s]" under the FAL.

149.    Defendant's labeling and advertising statements, which communicated to consumers that the Products were "naturally flavored" and omitted the fact that they contain a synthetic artificial flavor, were untrue and misleading, and Defendant at a minimum by the exercise of reasonable care should have known those actions were false or misleading.

139.    Defendant's conduct violated California's False Advertising Law.

## SEVENTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTIES,

#### CAL. COMM. CODE § 2313

**(on behalf of the California Class and all states with substantially similar laws)**

150.    Plaintiffs re-allege and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

151.    The Products' front label representations misleadingly suggest that the Products are naturally flavored such as with peaches or nectarines and contain no artificial flavors.

152.    Defendant's front label statements, such as "Peach Nectarine" and "naturally flavored," were affirmative representations of the Product's composition

- 25 -

creating an express warranty.

153.   These promises became part of the basis of the bargain between the parties and thus constituted an express warranty, which Defendant breached: The Products are artificially flavored.

154.   Defendant sold the goods to Plaintiffs and the other Class members who bought the goods from Defendant.

155.   Plaintiffs and the Class did not receive goods as warranted by Defendant.

156.   Within a reasonable amount of time after Plaintiffs discovered that the Products contained synthetic flavorings, Plaintiffs notified Defendant of such breach.

157.   As a proximate result of this breach of warranty by Defendant, Plaintiffs and the Class have been damaged in an amount to be determined at trial.

## EIGHT CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTIES,

### CAL. COMM. CODE § 2314

**(on behalf of the California Class and all states with substantially similar laws)**

158.   Plaintiffs re-allege and incorporate the allegations made elsewhere in the Complaint as if set forth in full herein.

159.   Defendant's label representations created implied warranties that the Products were suitable for a particular purpose, specifically as naturally-flavored beverage products with antioxidants and vitamins. Defendant breached this warranty.

160.   The Products made representations that they were "naturally flavored," "with antioxidants and vitamins," and contain "zero sugar." However, the Products made no representations that the Products were artificially flavored.

151.   The Products' front labels misleadingly imply that they are flavored only with the natural ingredients comprising the characterizing flavors.

161.   As alleged in detail above, at the time of purchase Defendant had reason to know that Plaintiffs, as well as all members of the Class, intended to use the Products as naturally-flavored beverage products.

162.   This became part of the basis of the bargain between the parties.

FIRST AMENDED CLASS ACTION COMPLAINT

163. Based on that implied warranty, Defendant sold the goods to Plaintiffs and other Class members who bought the goods from Defendant.

164. At the time of purchase, Defendant knew or had reason to know that Plaintiffs and the Class members were relying on Defendant's skill and judgment to select or furnish a product that was suitable for this particular purpose, and Plaintiffs and the Class justifiably relied on Defendant's skill and judgment.

165. The Products were not suitable for this purpose.

166. Plaintiffs purchased the Products believing they had the qualities Plaintiffs sought, based on the deceptive advertising and labeling, but the Products were actually unsatisfactory to Plaintiffs for the reasons described herein.

167. The Products were not merchantable in California, as they were not of the same quality as other products in the category generally acceptable in the trade.

168. The Products would not pass without objection in the trade when packaged with the existing labels, because the Products were misbranded and illegal to sell in California. Cal. Comm. Code 2314(2)(a).

169. The Products also were not acceptable commercially and breached the implied warranty because they were not adequately packaged and labeled as required. Cal. Comm. Code 2314(2)(e).

170. The Products also were not acceptable commercially and breached the implied warranty because they did not conform to the promises or affirmations of fact made on the container or label, Cal. Comm. Code 2314(2)(f), and other grounds as set forth in Commercial Code section 2314(2).

171. By offering the Products for sale and distributing the Products in California, Defendant also warranted that the Products were not misbranded and were legal to purchase in California. Because the Products were misbranded in several regards and were therefore illegal to sell or offer for sale in California, Defendant breached this warranty as well.

172. As a result of this breach, Plaintiffs and the other California consumers in the Class did not receive goods as impliedly warranted by Defendant.

FIRST AMENDED CLASS ACTION COMPLAINT

173.   Within a reasonable amount of time after the Plaintiffs discovered that the Products breached these warranties, Plaintiffs notified Defendant of such breach.

174.   As a proximate result of this breach of warranty, Plaintiffs and other California consumers have been damaged in an amount to be determined at trial.

175.   As a result, Plaintiffs, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated in California, and the general public, pray for judgment against Defendant as follows:

A.   An order confirming that this action is properly maintainable as a class action as defined above;

B.   An order appointing Plaintiffs as class representatives and The Law Office of Ronald A. Marron as counsel for the Class;

C.   An order requiring Defendant to bear the cost of Class notice;

D.   An order declaring that the conduct complained of herein violates the CLRA;

E.   An order declaring that the conduct complained of herein violates the UCL;

F.   An order declaring that the conduct complained of herein violates the FAL;

G.   An order declaring that the conduct complained of herein breached express warranties, implied warranties, or both;

H.   An order requiring Defendant to disgorge any benefits received from Plaintiffs and any unjust enrichment realized as a result of the improper and misleading labeling, advertising, and marketing of the Products;

I.   An order requiring Defendant to pay restitution and damages to Plaintiffs and Class members so that they may be restored any money which was acquired by means of any unfair, deceptive, unconscionable or negligent acts;

J.   An award of punitive damages in an amount to be proven at trial;

K.    An order enjoining Defendant's deceptive and unfair practices;

L.    An order requiring Defendant to conduct corrective advertising;

M.    An award of pre-judgment and post-judgment interest;

N.    An award of attorney fees and costs; and

O.    Such other and further relief as this Court may deem just, equitable, or proper.

### **JURY DEMAND**

Plaintiffs demand a trial by jury on all claims for damages. Plaintiffs do not seek a jury trial for claims sounding in equity.


DATED: January 28, 2019              Respectfully Submitted,



                                     */s/ Ronald A. Marron*
                                     Ronald A. Marron

                                     **LAW OFFICES OF RONALD A. MARRON**
                                     Ronald A. Marron
                                     *ron@consumersadvocates.com*
                                     Michael T. Houchin
                                     *mike@consumersadvocates.com*
                                     651 Arroyo Drive
                                     San Diego, CA 92103
                                     Telephone: (619) 696-9006
                                     Fax: (619) 564-6665
                                     ***Counsel for Plaintiffs and the Proposed Class***

FIRST AMENDED CLASS ACTION COMPLAINT

# EXHIBIT 1

Law Offices of

# Ronald A. Marron

A Professional Law Corporation

651 Arroyo Drive                                    Tel: 619.696.9006
San Diego, CA 92103                                 Fax: 619.564.6665


November 1, 2018


**Via: Certified Mail, receipt acknowledgment with signature requested**

Talking Rain Beverage Company, Inc.
Amanda Garcia, Vivian Imperial, Gladys Aguilera
C T Corporation System
818 Seventh Street, Suite 930
Los Angeles, CA 90017

Marcus Smith, CEO
Talking Rain Beverage Company, Inc.
30520 SE 84th Street
Preston, WA 98050

Lawrence Hebner, CFO
Talking Rain Beverage Company, Inc.
30520 SE 84th Street
Preston, WA 98050


> **Re:**    *California Consumers Legal Remedies Act (CLRA) Demand Letter, Notice of Anticipated Litigation and Duty to Preserve Evidence*


Dear Mr. Smith and Mr. Hebner,

In your roles as CEO and Chief Financial Officer for and on behalf of Talking Rain Beverage Company, Inc. **PLEASE TAKE NOTICE** that this notice letter constitutes the required 30-day notice before claims for damages may be filed under the Consumers Legal Remedies Act, California Civ. Code 1750 *et seq.* ("CLRA"), as well as the required pre-filing attempt to settle such a dispute under the California Private Attorney General Statute.

Our clients, Ms. Terri Garfinkel and Ms. Jessica Augustine purchased Sparkling Ice beverages (the "Products") for personal and household use in California several times since 2016 and 2017, respectively. The products are falsely advertised and further are misbranded under California law as each such Product contains undisclosed artificial flavoring.

An example of the Product's front label is shown below.

<u>Product Front Label</u>



The Products' front labels fail to identify the Products as artificially flavored. However, for example, for the Sparkling Ice Black Raspberry product, the back-label states it includes the following ingredients: "Carbonated water, natural flavors, blackberry juice concentrate, **malic acid**, potassium benzoate, sucralose, green tea extract, red #40, maltodextrin, niacinamide, d-calcium pantothenate, mannitol, vitamin D3, and pyridoxine HCI."

The Products' labels fail to identify the Products as artificially flavored though they contain artificial malic acid. Instead, the Products are falsely advertised as being "naturally flavored" and further are misbranded under California law as such Products contain undisclosed artificial flavors. The Products' labels are therefore misleading and violates U.S. federal and California state labeling laws; constitutes false advertising as well as unfair competition and violations of the CLRA under California law.

While some forms of malic acid are natural, the malic acid in the Sparkling Ice products were found to be an artificial flavoring made from petrochemicals. Malic acid comes in two chemical forms. The l-malic acid form is a fruit acid that is found in fruits and vegetables and may be isolated from those sources, though it may also be produced industrially by chemical synthesis. The d- form of malic acid is not derived from natural sources, however; it is produced by chemical

synthesis from certain petrochemicals, chiefly butane or benzene, through an intermediate conversion to maleic anhydride.

The malic acid in the Sparkling Ice Products were found to include d-malic acid, the synthetic petrochemical version of the compound. U.S. FDA regulations, incorporated verbatim into California's Sherman Law, define an artificial flavor as ". . . any substance, the function of which is to impart flavor, which is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof." 21CFR101.22 (a)(1)

The d-malic acid in the Sparkling Ice Products are derived from a petrochemical, not from "a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof." *Id*. The malic acid in the Products is therefore an artificial flavor under U.S. federal and California law. *Id*.

Artificial flavors in food products must, under both U.S. and California law, be disclosed as such in the back-label ingredient list and on the front label in any product for which the artificial flavor simulates, resembles, or reinforces the characterizing flavor. See 21 CFR 101.22 (c), (g)(3), (h), and (i). The malic acid in the Products simulate, resemble, or reinforce the characterizing labeled fruit flavor.

Talking Rain Beverage Company's failure to disclose the artificial flavoring material on both the front and back labels of the Products therefore violates Federal regulations and California law.[1] The Products are misbranded and falsely advertised under California law, violate the CLRA as well as other California laws and regulations, and are illegal to sell in California with the current labeling.

Because the Products' labels failed to disclose the artificial flavoring, Ms. Garfinkel and Ms. Augustine were not aware at the time they purchased the Products that they were artificially flavored. Had the labels properly disclosed this, as required by California and Federal law, Ms. Garfinkel and Ms. Augustine and the class of California and/or U.S. consumers they propose to represent would not have purchased the Products or would not have paid the advertised prices for them.

Additional related products

California's CLRA notice procedure requires that all products intended to be included in subsequent CLRA litigation also be listed in the notice letter. The following Sparkling Ice products, in addition to the above-identified Product, also contain undisclosed artificial flavoring in the form of d-malic acid and are therefore included in this notice letter as well:

· Sparkling Ice Pomegranate Blueberry
· Sparkling Strawberry Watermelon

---

[1] This failure to disclose likely violates other states' consumer protection statutes as well.

· Sparkling Ice Strawberry Lemonade
· Sparkling Ice Pink Grapefruit
· Sparkling Ice Peach Nectarine
· Sparkline Ice Orange Mango
· Sparkling Ice Crisp Apple
· Sparkling Ice Coconut Pineapple
· Sparkling Ice Ginger Lime
· Sparkling Ice Classic Lemonade
· Sparkling Ice Lemon Lime
· Sparkling Ice Grape Raspberry
· Sparkling Ice Black Cherry
· Pomegranate Blueberry
· Cherry Limeade
· Kiwi Strawberry
· any other Sparkling Ice beverages containing artificial d-malic acid that were offered for sale during the Class period (collectively the "Additional Products").

Ms. Garfinkel and Ms. Augustine assert that these Additional Products also contain undisclosed or concealed artificial flavors, are therefore also mislabeled and misbranded under California law, and are similarly unlawful to sell in California. By this letter, Ms. Garfinkel and Ms. Augustine also provide the required CLRA pre-litigation notice regarding the Additional Products.

Class members in the proposed class of purchasers that Ms. Garfinkel and Ms. Augustine will represent in a putative class action purchased one or more of the Sparkling Ice products described herein. On behalf of themselves, all others similarly situated, and the general public, our clients therefore hereby demand that you remedy the above-described violations within 30 days of your receipt of this letter. This letter demands that you take prompt and specific corrective action, to include:

1.  Revising the Products' and the Alternative Products' labeling such that all labels properly disclose any included artificial flavoring and do not improperly imply that the product is flavored only by natural flavor ingredients when it contains artificial flavoring, or,

2.  reformulating the Products and the Alternative Products so that they do not include undisclosed artificial flavors; and,

3.  recalling, or in the alternative, issuing mandatory corrected labels and instructions for re-labeling all currently unsold improperly-labeled stock;

4.  conducting a corrective advertising campaign to inform consumers regarding the former improper product labeling; and,

5.  initiating a process to refund monies paid by California consumers who purchased the above-listed Product and Additional Products that contained undisclosed artificial flavoring from January 1, 2012 to the present, where such products were not labeled to disclose the included artificial flavoring.

### Breach of Warranties and Violations of the Consumers Legal Remedies Act

This letter serves to notify you that the Sparkling Ice Products' packaging claims created express and implied warranties under the Magnuson Moss Warranty Act, 15 U.S.C. section 2301, et seq. and state law. Those warranties formed part of the benefit of the bargain and when the Products were not as warranted by YOU, our client suffered economic loss.

Please also be advised that the alleged unfair methods of competition or unfair or deceptive acts or practices are in violation of the Consumers Legal Remedies Act ("CLRA") and include, but are not necessarily limited to:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(10): Advertising goods or services with intent not to supply reasonably expectable demand, unless the advertisement discloses a limitation of quantity.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

If you do not promptly initiate these corrective actions, our clients, on behalf of themselves, all others similarly situated, and the general public, will bring legal claims for injunctive relief and actual and punitive damages under the CLRA and any other applicable consumer laws and regulations, to compel these steps, as well as seeking any other legally-appropriate restitution and/or damages, attorneys' fees, costs, incentive awards, and the costs of class notice and administration. If you do timely initiate these corrective actions our clients may choose not to seek injunctive relief but reserves the right to proceed with legal action on the basis of all past violations.

I would also like to remind you of your legal duty to preserve all records relevant to such potential litigation. *See*, *e.g.*, *Convolve, Inc. v. Compaq Computer Corp.,* 223 F.R.D. 162, 175 (S.D.N.Y. 2004); *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556-57 (N.D. Cal. 2006). We anticipate that at a minimum all e-mails, letters, reports, notes, minutes of meetings, voice mails, internal corporate instant messages, and laboratory and other records that relate to the formulation, testing, advertising, and marketing of the indicated Sparkling Ice products will be sought in the forthcoming discovery process. You therefore must inform any employees,

contractors, and third-party agents such as product ingredient suppliers, product and flavor formulation consultants, and advertising agencies handling these product accounts to preserve all such relevant information.

Very truly yours,

/s/ Ronald A. Marron
Ronald A. Marron







**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Talking Rain Beverage Company, Inc.
Amanda Garcia, Vivian Imperial, Gladys
Aguilera
C T Corporation System
818 Seventh Street, Suite 930
Los Angeles, CA 90017

9590 9402 4044 8079 2163 77

2. Article Number *(Transfer from service label)*

7018 1830 0000 1820 9448

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
CT CORPORATION SYSTEM
X 818 West Seventh Street    ☐ Agent
    Suite 930                ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
Los Angeles, CA 90017    NOV 05 2018

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature                                  ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery             ☐ Registered Mail™
☐ Certified Mail®                                  ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery              ☐ Return Receipt for Merchandise
☐ Collect on Delivery                             ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery         ☐ Signature Confirmation Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
   500)

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lawrence Hebner, CFO
Talking Rain Beverage Company, Inc.
30520 SE 84th Street
Preston, WA 98050

9590 9402 4044 8079 2222 79

2. Article Number *(Transfer from service label)*

7018 1830 0000 1821 0406

PS Form **3811,** July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?     ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ed Mail
☐ ___ed Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Marcus Smith, CEO
Talking Rain Beverage Company, Inc.
30520 SE 84th Street
Preston, WA 98050

9590 9402 4044 8079 2223 16

2. Article Number (Transfer from service label)

7018 1830 0000 1820 9431

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
   (300)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt